## SUPREME COURT OF JUDICATURE,

### OF THE

## STATE OF VERMONT.

---

### FRANKLIN COUNTY, JUNE ADJOURNED TERM, A. D. 1803.

---

*JONATHAN ROBINSON,* Chief Judge.
*ROYALL TYLER,* ⎱ *Assistant Judges.*
*STEPHEN JACOB,* ⎰

---

DARIUS JACQUES, Appellee,
*against*
JOSEPH GRISWOLD, Appellant.

TROVER for a horse and sleigh, a quantity of shipping furs, and forty pounds of snuff.

Plea, general issue. Trial by Jury.

The defendant conceded the taking of the property, but justified in that he, as deputy of *David Russell,* Esquire, collector of the port of *Alburg,** seized

*The United States collector of a port in this State is not obliged to exhibit his commission in Court to justify his seizing property for a breach of the revenue laws, but his deputy must show his commission in such case.*

---

* Misspelled ALLBURGH, in the acts of the *United States.* See Surveyor-General *Whitelaw's* several maps.]

Jacques
v.
Griswold.

it for a breach of the revenue laws of the. *United States.*

*Curia.* As the taking of the property is conceded by the defendant, let him proceed to show that he took it lawfully.

The defendant's counsel now read the several acts of the *United States,* " an act making further provision for the payment of the debts of the *United States,*" passed *August* 10, 1790, and the " act to provide more effectually for the collection of the duties imposed by law on goods, wares, and merchandise, imported into the *United States,*" &c. passed *August* 4, 1790, and the " act giving effect to the laws of the *United States,* within the State of *Vermont,*" passed *March* 2d, 1791, by which the above act, though passed anterior to the admission of the State to the federal compact, are made to have force and effect within it.

Laws of the
U. S. vol. 1.
p. 247.

Ib. p. 162.

Ib. p. 297.

The plaintiff's counsel now insisted, that the commission of *David Russell,* as collector, ought to be shown.

*Sed per Curiam.* The collector, a public officer of the *United States,* appointed by the Senate, is to be known as such within this State, without the exhibition of his commission : but the commissions of the deputies of such an officer being issued on his own private appointment, and not by this high and public authority, must be shown.

The defendant now showed a commission, signed and sealed by *David Russell*, collector of the port of *Alburg*, on Lake *Champlain*, appointing the defendant his deputy, dated *December* 15, 1798.

Jacques
v.
Griswold.

Plaintiff's counsel. We object to the reading of this commission to the Jury. We consider it as void, not having been regularly issued. The seventh section of the act of the *United States* to provide more effectually for the collection of the duties imposed by law on goods, &c. enacts, " that every collector, naval officer, and surveyor, in cases of occasional and necessary absence, or of sickness, *and not otherwise*, may respectively exercise and perform their several powers, functions, and duties, by deputy duly constituted under their hands and seals respectively, for whom, in the execution of the trust, they shall respectively be answerable." Here the commission does not set forth the existence of any of these fortuitous events on the happening of which the collector was empowered to appoint a deputy.

Laws of the *U. S.* vol. 1. p. 187.

*Sed per Curiam.* The act of the *United States* does not restrict the collector in the appointment of a deputy to such fortuitous periods, when he, as principal, may be occasionally and necessarily absent or sick, but he may appoint a deputy at any time, " and exercise and perform his powers, functions, and duties, by such deputy, when occasionally and necessarily absent or sick."

The north line of this State presents a land boundary of nearly ninety miles to a foreign dominion. The residence of the collector is established by law at *Alburg*, on Lake *Champlain*, at the western extre-

Jacques
v.
Griswold.

mity of this line. The 70th section of the act of the *United States* already read, subjects all dutiable goods to forfeiture brought into the *United States* in contravention of the act, by land carriage. It would be absurd so to construe the seventh section, as that a succession of commissions must issue to a deputy, and be applied to the various and unforeseen violations of the revenue act, which may happen on this extended frontier.

Let the commission be read.

*Marsh*, for the plaintiff, moved to introduce testimony *viva voce*, to prove what *A. B.*, a witness before the County Court, but now absent, had sworn on the trial below.

*Sed per Curiam.* Such testimony is inadmissible.

Verdict, not guilty.

*Levi House* and *Amos Marsh*, for plaintiff.
*William C. Harrington* and *Thaddeus Rice*, for defendant.